UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DEANDRE BARNUM, Plaintiff, | ) | |
| v. | ) | No. 1:24-cv-00158-JRO-TAB |
| HALL Mr., Internal Affairs, Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Deandre Barnum is an Indiana Department of Correction ("IDOC") inmate. In this action, Mr. Barnum proceeds on a First Amendment retaliation claim against Mr. Hall. Dkt. 17. Defendant Hall has moved for summary judgment. For the reasons explained below, the unopposed motion, dkt. [34], is **GRANTED**.

## I. SUMMARY JUDGMENT STANDARD

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A court only has to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need

not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (cleaned up).

A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

Plaintiff failed to respond to the summary judgment motion. Accordingly, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); *see* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a nonmovant fails to respond to a motion for summary judgment, the movant 'still [has] to show that summary judgment [is] proper given the undisputed facts,'" *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 543 (7th Cir. 2011), with those facts taken as usual in the light most favorable to the nonmovant." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021).

## II. FACTUAL BACKGROUND

Because Defendants have moved for summary judgment under Rule 56(a), the Court views and recites the evidence in the light most favorable to Barnum and draws all reasonable inferences in his favor. *Khungar*, 985 F.3d at 572–73.

### A. Parties and Background

Plaintiff Deandre Barnum is an IDOC inmate, proceeding on allegations that occurred when he was housed at Correctional Industrial Facility ("CIF") in August 2023. Dkt. 35-1 at 5. Barnum alleges that Hall removed him from the PLUS program (and corresponding dorm) and transferred him to A-dorm, a restrictive housing unit, because he filed a grievance. Dkt. 14; Dkt. 17.

Defendant Steven Hall was an investigator and Security Threat Group ("STG") coordinator at CIF in August 2023. Dkt. 35-2 at 1. Daniella Deposki was a Correctional Investigator and Hall's superior, and John Poer was the head of the department at this time. *Id.* "STG" is a law enforcement term used to identify groups, organizations, and members thereof that pose a threat to institutional security. *Id.* STG commonly refers to gang organizations and affiliations. *Id.* Hall's job duties included investigating offenders for affiliation, membership, and activities related to STGs. *Id.* A minimum of three identifiers is required to make a determination that an offender is affiliated with an STG. Dkt. 35-2 at 2; Dkt. 35-3 at 1. A profile is made of a suspected STG member and submitted to the Deputy Chief of Security Threat Group Operations for approval. Dkt. 35-2 at 2; Dkt. 35-3 at 1.

**B. August 2023 STG Investigation**

In August 2023, Barnum was in the PLUS program at CIF. Dkt. 35-1 at 10-11, 13. The PLUS program was housed in a dedicated dorm, where inmates completed programming and do community service. *Id.* at 13-16.

On August 8, 2023, casework manager Jennifer Matthews sent an email reporting that she was "told today that offender Barnum 266629 is the highest-ranking GD in the camp." Dkt. 35-3 at 2–3. She was informed that he "runs the camp and PLUS," is brining drugs from recreation where he volunteers to supply the unit, has tattoos to verify his affiliation, put a "hit" on another offender and was attempting to collect "rent" from a different offender. *Id.* Matthews requested Barnum be investigated. *Id.* Poer responded to this email that they would investigate him for his STG affiliation. *Id.* at 2.

On August 8 or 10[1], Deposki spoke to Barnum and evaluated his tattoos. Dkt. 35-3 at 1; Dkt. 35-1 at 10–13. She reported that he did have tattoos showing affiliation to Gangster Disciples but did not admit to being affiliated. Dkt. 35-3 at 1. Poer responded that if they could gather three identifiers, a profile would be submitted and that Barnum was still a suspect. *Id.*

Hall was part of the investigation into Barnum regarding STG affiliation and drug distribution. Dkt. 35-2 at 2. He was attempting to validate the STG affiliation by investigating Barnum for three identifiers. Dkt. 35-4.

---

[1] This conversation appears to have occurred on August 8 from the email correspondence. Dkt. 35-3 at 1. Barnum did not recall the exact date in his deposition but listed the date as August 10 in his amended complaint. Dkt. 35-1 at 10; dkt. 14 at 4.

On August 15, Hall spoke with Barnum about his STG affiliation and tattoos. Dkt. 35-1 at 13, 16–20. It was standard practice to interview a known or suspected STG member repeatedly to gather intelligence and evidence related to STG membership or activities. Dkt. 35-2 at 2. During this interview, Barnum testified that he probably did tell Hall he intended to file a grievance but did not recall Hall's response. Dkt. 35-1 at 40–41. Barnum testified that Hall told him, "I always get my man," and that he should tell Hall what he knew or he would regret it. *Id.* at 27–28. In his amended complaint, Barnum alleged that on August 15, he informed Hall he intended to file a grievance during this interview and that Hall responded that he would cause Barnum to be transferred to A-Dorm. Dkt. 14 at 4.

Barnum was removed as a recreation volunteer because volunteers were not permitted in recreation, and staff suspected that he was using the position to move contraband. Dkt. 35-2 at 2; Dkt. 35-3 at 2; Dkt. 35-6 at 1. Barnum was also removed from the PLUS program pending investigation into his STG affiliation. Dkt. 35-5; Dkt. 35-2 at 2.

On August 18, Barnum was transferred to A-Dorm upon the belief he was distributing contraband and was affiliated with an STG. Dkt. 35-1 at 25, 32; Dkt. 35-2 at 2; Dkt. 35-6 at 2. Barnum testified that he encountered Hall on the way to A-Dorm and Hall told him, "I always get my man" and "If you wouldn't have file[d] the grievance you would still be in the PLUS program." Dkt. 35-1 at 25–26; Dkt. 14 at 5.

Also on August 18, Barnum filed a grievance, complaining about being removed from the PLUS program and his recreation job. Dkt. 35-7 (Grievance).

Barnum's profile was approved by the Deputy Chief of STF Operations, and he is currently classified as an STG member. Dkt. 35-2 at 2-3; Dkt. 35-1 at 39–40.

## III. DISCUSSION

To succeed on a First Amendment retaliation claim, a plaintiff must come forward with evidence sufficient to allow a reasonable jury to conclude that: (1) the plaintiff engaged in protected First Amendment activity; (2) he suffered a deprivation that would likely deter future First Amendment activity; and (3) the protected activity was a motivating factor in the defendants' decision to take the allegedly retaliatory action. *Taylor v. Van Lanen*, 27 F.4th 1280, 1284 (7th Cir. 2022). If he does so, the burden shifts to the defendants to show that the deprivation would have occurred even if he had not engaged in protected activity. *Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020). If they can make that showing, the burden shifts back to the plaintiff to demonstrate that the proffered reason is pretextual or dishonest. *Id.*

Defendant does not dispute that Barnum engaged in protected First Amendment activity by filing a grievance, or that placement in a restrictive housing unit is capable of chilling First Amendment activity. Thus, the Court focuses on the third element.

"The 'motivating factor' [element] amounts to a causal link between the activity and the unlawful retaliation." *Manuel*, 966 F.3d at 680. This element may be proven by circumstantial evidence, which may include suspicious timing; ambiguous statements, behavior, or comments directed at others in the protected group; evidence that similarly situated people were treated differently;

and evidence that the decisionmaker offered a pretextual reason for an allegedly retaliatory action. *Id.*; *Hobgood v. Ill. Gaming Bd.*, 731 F.3d 635, 643–44 (7th Cir. 2013).

By failing to respond to the summary judgment motion, Barnum has failed to introduce evidence from which a reasonable jury could conclude that Hall was motivated by retaliatory animus. Even assuming without deciding that there was a causal link between the protected activity and the retaliation, Hall has demonstrated that the "deprivation" suffered by Barnum—removal from the PLUS program and transfer to a restricted housing unit—would have occurred even if he had not filed a grievance.

The undisputed evidence demonstrates that in August 2023, Barnum was the subject of an investigation into his STG affiliation and potential drug distribution. Hall was a member of the team investigating Barnum for STG affiliation. The investigative team interviewed Barnum several times, found three STG indicators to be present, submitted a profile for approval, and moved Barnum from the PLUS honors dorm to a restricted housing unit pending investigation. The STG profile was later approved, and Barnum is now labeled as an STG member. This penological justification demonstrates that Barnum would have been removed from the PLUS program regardless of any grievance he filed.

Barnum has not responded to summary judgment, but his statements in his amended complaint provide nothing more than speculation that Hall acted in retaliation. *See FKFJ, Inc. v. Village of Worth*, 11 F.4th 574, 585 (7th Cir. 2021) ("A party must present more than mere speculation or conjecture to defeat a summary judgment motion.") (internal citations omitted).

Moreover, while Barnum's amended complaint alleges that Hall told him he would be transferred if he filed a grievance, the designated evidence reveals that Barnum was transferred because he was under STG investigation (which was ultimately substantiated). Hall did not file a grievance until August 18, after he was removed from the PLUS program. Dkt. 35-7 at 1. Thus, this grievance could not have been the reason for his transfer.

In short, Defendant Hall is entitled to summary judgment because Hall has demonstrated that Barnum would have been removed from the PLUS program. Because the Court concludes that Barnum's retaliation claim fails on the merits, it need not address Defendant's argument that he is entitled to qualified immunity.

## IV. CONCLUSION

Defendant's motion for summary judgment is **GRANTED**. Dkt. [34].

Final judgment will issue in a separate entry.

**SO ORDERED.**

Date: 8/25/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

DEANDRE BARNUM
266629
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

All Electronically Registered Counsel